Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GAMER ROBOT LLC, a Puerto Rico limited liability company, | Case No. 3:25-cv-4892 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| ILIAS RAHMOUNI, an individual, | |
| Defendant. | |

## NATURE OF THE CASE

1. Plaintiff is the owner of the popular video game known as *Blox Fruits*. *Blox Fruits* is one of the top games on the Roblox gaming platform. This action arises from defendant's creation of games that infringe plaintiff's intellectual property rights in *Blox Fruits*. Plaintiff seeks to stop defendant's unlawful conduct and recover the losses it has suffered and will continue to suffer, including any profits defendant has gained from their unlawful infringement.

## PARTIES

2. Plaintiff Gamer Robot LLC is a Puerto Rico limited liability company.

3. Defendant Ilias Rahmouni is an individual residing in France.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

5. The Court has personal jurisdiction over defendant because it consented in writing to jurisdiction in its DMCA counternotice.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or in which plaintiffs' injury was suffered.

## FACTUAL ALLEGATIONS

7. Plaintiff owns and operates the video game *Blox Fruits*, which is distributed and played on Roblox. Roblox is an online platform that allows its users to play games made by users and video game studios. The games hosted on Roblox are free to play, but generate revenue through microtransactions and in-game advertising.

8. Plaintiff's game *Blox Fruits* was released on Roblox in 2019. Plaintiff holds a U.S. copyright registration for *Blox Fruits*. U.S. Copyright Reg. No. PA 2-534-039.

9. Defendant published the following games on Roblox (the "Infringing Games"): Roblox Asset Ids: 99074836905411 and 127961934454127.

10. The Infringing Games copy *Blox Fruits* protectable expressions, including, user interface elements (e.g., the visual or textual contents, layout, and/or design of the menus, etc.), in-game objects, artwork, level design, animations, design aesthetics, game pieces, and the selection and coordination of game elements, colors, and shapes.

11. The similarities are not merely the result of the games existing in the same genre or dictated by function. Defendant made conscious decisions to copy the creative choices and unique designs that were implemented in *Blox Fruits*. The similarities between *Blox Fruits* and the Infringing Games are not coincidental. They are the result of willful infringement by defendant in an effort to steal the market for plaintiff's game.

12. Plaintiff submitted a Digital Millennium Copyright Act notice to Roblox, and defendant submitted a counternotice on or about May 30, 2025 where he consented to jurisdiction herein.

## FIRST CLAIM

### (Copyright Infringement)

13. Plaintiff re-alleges the foregoing allegations as if set forth in full.

14. *Blox Fruits* is an original and creative expressive work that is copyrightable under 17 U.S.C. §§ 101 et seq.

15. Defendant had access to *Blox Fruits* before creating and publishing the Infringing Games because *Blox Fruits* is publicly available on Roblox.

16. Defendant copied substantial original elements of *Blox Fruits* without authorization from plaintiff and incorporated them into the Infringing Games.

17. Defendant knew that the Infringing Games infringe plaintiff's copyrights in *Blox Fruits*, or acted with reckless disregard for, or willful blindness to, plaintiff's rights.

18. As a direct and proximate result of defendant's infringement, plaintiff has suffered, and will continue to suffer damages. Plaintiff is entitled to its actual damages, and any profits of defendant attributable to the infringement.

19.   Plaintiff has no adequate remedy at law.  Defendant's continued wrongful conduct will cause plaintiff irreparable injury that cannot be adequately remedied at law unless the Court enjoins defendant from further infringement.

## JURY DEMAND

20.   Plaintiff requests a jury trial on all issues in this matter.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

A.   Judgment in favor of plaintiff and against defendant;

B.   An award of actual damages to plaintiff, including any profits of defendant attributable to the infringement;

C.   Prejudgment and post-judgment interest;

D.   Attorney fees;

E.   A preliminary and/or permanent injunction restraining defendant and their agents and affiliates, and anyone acting in concert with them, from directly or indirectly violating plaintiff's rights under the Copyright Act; and

F.   Any further relief in law or equity that plaintiff is entitled to or which the Court deems appropriate.

DATED:  June 10, 2025.         MARKOWITZ HERBOLD PC

　　　　　　　　　　　　　　　　 s/Adam M. Starr
　　　　　　　　　　　　　　　　Adam M. Starr, CSB #246292
　　　　　　　　　　　　　　　　AdamStarr@MarkowitzHerbold.com
　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

4
COMPLAINT
Case No. 3:25-cv-4892